IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAELS STORES, INC.,<br><br>　　　　Defendant. | Civil Action No.: 1:21-cv-00412<br><br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes Plaintiff, Symbology Innovations LLC ("Plaintiff" or "Symbology"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Michaels Stores, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,424,752 ("the '752 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 1 East Broward Boulevard – Suite 700, Ft. Lauderdale, Florida 33301.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 3939 West John Carpenter Freeway, Irving, Texas 75063-2909. Upon information and belief, Defendant may be served with process c/o

Corporation Service Company dba CSC-Lawyers Inco, 211 East 7th Street – Suite 620, Austin, Texas 78701.

4. Defendant maintains a physical presence in this judicial district through its operation of its facility located at 3201 Bee Caves Road – Suite 112, Austin, Texas 78746, among others.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) having a physical presence in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On April 23, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '752 Patent, entitled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination. The '752 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '752 Patent, having received all right, title and interest in and to the '752 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '752 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention claimed in the '752 Patent comprises systems and methods for enabling portable electronic devices to present information about a selected object.

14. Claim 1 of the '752 Patent states:

> "1. A method comprising:
> capturing a digital image using a digital image capturing device that is part of a portable electronic device;
> detecting symbology associated with an object within the digital image using a portable electronic device;
> decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device;
> sending the decode string to a remote server for processing;
> receiving information about the object from the remote server wherein the information is based on the decode string of the object;
> displaying the information on a display device associated with the portable electronic device." See Exhibit A.

15. Claim 1 of the '752 Patent recites a non-abstract method for detecting symbology with an object within the digital image. The non-abstract method further decodes the symbology

using a visual detection application. The non-abstract method receives information based on the decode string of the object from the remote server.

16. Claim 1 of the '752 Patent is further directed to a functional improvement over prior systems, solving a previous computer based, technological problem.

17. Claim 1 of the '752 Patent provides a practical application of the method.

18. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '752 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '752 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '752 Patent.

## DEFENDANT'S PRODUCT(S)

19. Defendant offers solutions, such as a QR code associated with the website for Michaels (the "Accused Product")[1], that enables systems and methods for enabling portable electronic devices to present information about a selected object. For example, the Accused Product, at least in internal usage and testing, performs the method for enabling portable electronic devices to present information about a selected object. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 1 of the '752 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

20. The Accused Product was made by or with authorization from the Defendant.

21. As recited in Claim 1, a system, at least in internal testing and usage, utilized by the Accused Product, provides a QR code. See Exhibit B.

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

22. As recited in one step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices capturing a digital image using a digital image capturing device that is part of a portable electronic device. Namely, Defendant uses the camera i.e, the part of the portable electronic device (Smartphone) that captures the digital image. See Exhibit B.

23. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices detecting symbology associated with an object within the digital image using a portable electronic device. Namely, Defendant uses a portable electronic device (Smartphone or tablet) to detect symbology (e.g., pattern of QR code) associated with the website of Michaels. See Exhibit B.

24. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device. Namely, Defendant decodes the symbology (i.e., QR code pattern) to obtain a decode string (i.e. hyperlink) using the camera application residing in the portable electronic device (i.e., Smartphone). For example, the Smartphone decodes the QR code on the object image captured from the Smartphone camera to obtain a decoded hyperlink. See Exhibit B.

25. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices sending the decode string to a remote server for processing. Namely, Defendant sends the decoded string to a remote server for processing. For example, the Smartphone sends the information associated with the QR code to the Michaels server. See Exhibit B.

26. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices receiving information about the object from the

remote server wherein the information is based on the decode string of the object. Namely, after clicking on the hyperlink that is obtained by scanning the QR code associated with the Michaels website, the Smartphone receives the information and directly go to the website of Michaels. See Exhibit B.

27. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices displaying the information on a display device associated with the portable electronic device. Namely, Defendant sends the decode string to a remote server for processing. The information is received and it is displayed on the display associated with the Smartphone. See Exhibit B.

28. The elements described in the preceding paragraphs are covered by at least Claim 1 of the '752 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '752 Patent.

## INFRINGEMENT OF THE '752 PATENT

29. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

30. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '752 Patent.

31. Defendant has had knowledge of infringement of the '752 Patent at least as of the service of the present Complaint.

32. Defendant has directly infringed and continues to directly infringe at least one claim of the '752 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this

Court.  As a direct and proximate result of Defendant's direct infringement of the '752 Patent, Plaintiff has been and continues to be damaged.

33. Defendant has contributed and induced others to infringe the '752 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

34. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '752 Patent, pursuant to 35 U.S.C. § 271.

35. Defendant has committed these acts of infringement without license or authorization.

36. As a result of Defendant's infringement of the '752 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

37. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

38. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '752 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '752 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: May 11, 2021

Together with:

Andrew S. Curfman (*pro hac vice forthcoming*)
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: andrew.curfman@sswip.com

Respectfully submitted,

KIZZIA & JOHNSON, PLLC

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com

ATTORNEYS FOR PLAINTIFF