# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | Civil Action No.: 1:21-cv-00412-RP |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **MICHAELS STORES, INC.,** | |
| Defendant. | |

## PLAINTIFF SYMBOLOGY INNOVATIONS, LLCS RENEWED OPPOSITION TO DEFENDANT MICHAELS STORES, INC.'S, RENEWED MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.............. 1

II.   STATEMENT OF THE ISSUE...................................................................... 1

III.  STATEMENT OF THE FACTS ................................................................. 1

IV.   SUMMARY OF THE ARGUMENTS .......................................................... 3

V.    STATEMENT OF THE LAW (35 U.S.C. §101) ......................................... 5

VI.   ARGUMENT ......................................................................................... 8

    A.   Defendant's motion should be denied because there are claim construction
        issues that preclude a determination of patent eligibility at this stage............... 8

    B.   The Asserted Patent claims are patent eligible under 35 USC §101 ............... 12

        1.   *Alice* Step One: The claims do not recite an abstract idea ................... 12

        2.   *Alice* Step Two: The claims contain an inventive concept and do not
            instruct a computer to perform human-centric functions...................... 15

    C.   The dependent claims add inventive concepts................................................. 18

    D.   Ineligibility under Section 101 is not ripe for determination.......................... 18

# TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018)... 5, 7, 8, 18

*Alice Corp. Pty. v. CLS Bank Int'l*, 134 S.Ct. 2347 (2014) ................................................. 6, 7, 12

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016) ......................... 15

*Ancora Techs.* v. *HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018) ............................................... 16

*Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353 (Fed. Cir. 2017) ..................................... 10, 12

*Bascom Global Internet Serv. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).... 7, 15, 17

*Berkheimer v. HP, Inc.*, 881 F.3d 1360 (Fed. Cir. 2018).......................................................... passim

*Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019)............................................ 5, 16

*Cf. Trading Tech. Int'l, Inc. v IBG LLC*, 921 F.3d 1378 (Fed. Cir. 2019).............................. 7, 17

*Commil USA, LLC v. Cisco Sys.*, 135 S.Ct. 1920 (2015).............................................................. 5

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n,*, 776 F.3d 1343
  (Fed. Cir. 2014) ................................................................................................................. 14, 17

*Cordis Corp. v. Boston Scientific Corp.,* 658 F.3d 1347 (Fed. Cir. 2011) ................................. 10

*CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011) ........................... 14

*DDR Holdings, LLC v. Hotels.com,* 773 F.3d 1245 (Fed. Cir. 2014)............................... 7, 15, 17

*eCeipt LLC v. Homegoods, Inc.,* , 2019 WL 10302271 (W.D. Tex. 2019) .............................. 5, 18

*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016)......................................... passim

*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018) ......................................... 16

*Fortinet, Inc. v. Forescout Techs., Inc.*, , 2020 WL 6415321 (N.D. Cal. 2020)........................... 5

*Heuft Systemtechnik GmbH v. Indus. Dynamics Co., Ltd.*, 282 Fed.Appx. 836 (Fed. Cir. 2008) 10

*Invitrogen Corp. v. Clontech Labs., Inc.,* 429 F.3d 1052 (Fed. Cir. 2005)................................. 11

*Mayo Collaborative Serv. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289 (2012) ............................ 6, 7

*McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016) ......... 7, 12, 15, 16

*Microsoft Corp. v. i4i Ltd.*, 131 S.Ct. 2238 (2011) ......................................................... 5

*MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373 (Fed. Cir. 2019) ..................................... 5, 8

*Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314 (Fed. Cir. 2003) .............................. 10, 11, 12

*Recognicorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322 (Fed. Cir. 2017) ............................ 14, 17

*Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929 (Fed Cir. 2013) ........................... 11

*ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374 (Fed. Cir. 2003) ............................................. 10

*RICPI Commc'ns LLC v. JPS Interoperability Sols., Inc.*, 2019 WL 1244077 (D. Del. 2019) . 4, 6, 13

*Route Guidance Sys. LLC v. INRIX, Inc.*, 2021 WL 24705 (D. Del. 2021) ............................... 7, 8

*Saunders Grp., Inc. v. Comfortrac, Inc.*, 492 F.3d 1326 (Fed. Cir. 2007) .................................... 11

*Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905 (Fed. Cir. 2017) ............... 14

*Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316 (Fed. Cir. 2001) ........................ 10

*Two-Way Media Ltd. v. Comcast Cable Commc'ns LLC*, 874 F.3d 1329 (Fed. Cir. 2017) ......... 13

*Uniloc USA, Inc v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. 2020) ...................... 8, 16

*Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253 (Fed. Cir. 2017) .................................. 6, 16

*X2Y Attenuators, LLC v. International Trade Comm'n*, 757 F.3d 1358 (Fed. Cir. 2014) ............ 10

**Statutes**

35 U.S.C. §101 ........................................................................................................... passim

35 U.S.C. §112 ................................................................................................................. 15

35 U.S.C. §282 ................................................................................................................... 5

**Rules**

12(b)(6), Fed.R.Civ.P..............................................................................................................passim

# I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Symbology Innovations, LLC ("Symbology" or "Plaintiff") filed a Complaint for patent infringement against Michael's Stores, Inc. ("Michaels" or "Defendant") on May 11, 2021. (D.I. 1).

On June 3, 2021 Defendant moved to dismiss the original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 11). On June 21, 2021, Symbology filed its First Amended Complaint (D.I. 22) asserting that Defendant's use of QR codes associated with its website, infringed on claim 1 of U.S. Pat. No. 8,424,752 ("the '752 Patent") (D.I. 22 at ¶ 28-57), and claim 1 of U.S. Pat. No. 8,651,369 ("the '369 Patent") (D.I. 22 at ¶ 28-57) (collectively "the Asserted Patents" or simply "Symbology Patents."). On July 13, 2021, Defendant renewed its Motion to Dismiss (D.I. 29, D.I. 30) as addressed to the First Amended Complaint. Symbology hereby provides its response in opposition to Defendant's renewed Motion to Dismiss.

# II. STATEMENT OF THE ISSUE

When viewing the factual allegations as true, should the Court deny Defendant's Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)?

# III. STATEMENT OF THE FACTS

Defendant contends that claim 1 of the '752 is representative of all claims in the Asserted Patents. (D.I. 30). Plaintiff disagrees in that claim 1 of the '752 is directed to a method for detecting symbology associated with an object within a digital image while the claims of the '369 Patent are directed a method for detecting symbology associated with the digital image itself; however, Plaintiff further recognizes that the '752 and '369 Patents share a specification and are similar in other aspects. Therefore, in the interest of judicial economy and efficiency, and

solely for the purpose of this Motion to Dismiss and Response thereto, Plaintiff does not contest that claim 1 of the '752 Patent is representative. Plaintiff reserves the right to address this issue further if the need arises in future filings.

The '752 Patent

On April 23, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '752 Patent, entitled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination. Claim 1 of the '752 Patent recites a non-abstract method for detecting symbology associated with an object within the digital image. The non-abstract method further decodes the symbology using a visual detection application. The non-abstract method receives information based on the decode string of the object from the remote server. (D.I. 22 at 15). Claim 1 of the '752 Patent is further directed to a functional improvement over prior systems, solving a previous computer based, technological problem. (D.I. 22 at 16).

The '369 Patent

On February 18, 2014, the USPTO duly and legally issued the '369 Patent, entitled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination. Claim 1 of the '369 Patent recites a non-abstract method for detecting symbology associated with the digital image. The non-abstract method further decodes the symbology using a visual detection application. The non-abstract method receives information based on the decode string of the object from the remote server. (D.I. 22 at 24). Claim 1 of the '369 Patent is further directed to a functional improvement over prior systems, solving a previous computer based, technological problem (D.I. 22 at 25).

The '752 Patent and the '369 Patent are continuations of the same parent application, which issued on August 9, 2011, as U.S. Patent No. 7,992,773 ("The Parent" or "'773 Patent") and is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device". (D.I. 31 at 51; Exhibit Q; Exhibit S). During the prosecution of the '773, the applicant narrowed Claim 1 of '773 patent via claim amendment (D.I. 31 at paragraph 58; Exhibit S). As a result of applicant's amendment to Claim 1, every claim of the '773 Patent includes the limitation in which a "background" visual detection system "automatically" decodes "symbology" and sends the decode string to another "visual detection application" residing on the portable device. (D.I. 31 at 61).

Importantly, during the prosecution of the Asserted Patents, applicant did not rescind the limitation requiring the visual detection to occur automatically and in the background. Additionally, the '773 patent, the '752 patent and the '369 patent all contain the same language in the specifications as it relates to the "visual detection application" (D.I. 22 at Exhibit A – B; D.I. 31 at Exhibit Q). Thus, the limitation in the Parent Patent applies to the Asserted Patents. Plaintiff has, at all relevant times, asserted a claim scope consistent with this understanding. In particular, the claim charts attached to the First Amended Complaint as Exhibits C and D, clearly demonstrate that visual detection runs in the background of the camera app (i.e., the auto-pop up of the link) (D.I. 22 at Ex. C, page 52-57 and Ex. D, page 64-68).

## IV.    SUMMARY OF THE ARGUMENTS

When Plaintiff's factual allegations are taken as true, this case is not ripe for determination under 35 U.S.C. §101 ("§101" or "Section 101"), at least due to the need for claim construction proceedings. Moreover, as described below, when the full scope of the claims is considered, the Asserted Patents are valid and enforceable under Section 101 (and the *Alice*

Two-Step Analysis) because they are directed to a non-abstract idea and because they are directed to a functional improvement over prior systems, solving computer based technological problems.

Defendant's arguments to the contrary are misplaced. Further, Defendant's conclusory claims are not entitled to be taken as true at this stage. In particular, Defendant's argument that the Asserted Claims are directed toward patent ineligible subject matter under §101 oversimplifies the claimed inventions and ignores the claim language and the prosecution history. While Defendant contends that the '752 and '369 Patents are directed to the abstract idea of "data recognition and retrieval and none of the claims recites any specific non-conventional hardware of software" (D.I. 30 at 1), this oversimplification ignores the proper application of patent eligibility analysis.

The claims of the Asserted Patents are patentable under the first step of the §101 analysis because they are not directed to "fundamental economic practices", "methods for organizing human activity" and "mathematical algorithms" *RICPI Commc'ns LLC v. JPS Interoperability Sols., Inc.*, 2019 WL 1244077, at *2–4 (D. Del. 2019). Instead they are directed to non-abstract and unconventional methods, for detecting symbology associated with an object within a digital image in a manner that is a functional improvement over prior systems, solving computer based technological problems. (D.I. 22). Here, the claimed invention is directed toward the improvement of detecting symbology associated with an object within a digital image, which is not a fundamental economic process, a method for organizing human activity, nor a mathematical algorithm.

Under Step two of the §101 analysis, even if the claims are directed to an abstract idea, they are patent eligible because the claims do not monopolize or preempt *all* methods or systems

for detecting symbology within a digital image. (D.I. 22). Instead, the Asserted Patents claim a certain and definite way of improving the efficiency, reliability, functionality, and performance of devices performing symbology detection within a digital image. Based on the pleadings to date, there is at least a question of fact as to whether the Asserted Claims are unconventional in light of the prior art and applicable claim limitations.

Because Plaintiff's First Amended Complaint and the factual allegations therein raise genuine issues of material fact that are not appropriately decided in Defendant's favor at this stage, under Rule 12(b)(6), Fed.R.Civ.P., this Court should deny Defendant's Renewed Motion to Dismiss.

## V.        STATEMENT OF THE LAW (35 U.S.C. §101)

In the event there is a claim construction dispute, the Court must address the matter prior to ruling on the issue of eligibility under §101. *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1380 (Fed. Cir. 2019). (citing *Aatrix* for the conclusion that district court's failure to address claim construction dispute is error). See also *Fortinet, Inc. v. Forescout Techs., Inc*., No. 20-CV-03343-EMC, 2020 WL 6415321, at *6–7 (N.D. Cal.2020).

A patent is presumptively valid and patent eligible under 35 U.S.C. §101. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). The burden of establishing invalidity of any patent claim rests on Defendant. 35 U.S.C. §282; *Microsoft Corp. v. i4i Ltd.*, 131 S.Ct. 2238, 2245 (2011); *Commil USA, LLC v. Cisco Sys.*, 135 S.Ct. 1920 (2015). "[T]o support a claim of invalidity, a defendant has the burden to establish all facts "pertinent" to the analysis by clear and convincing evidence."*eCeipt LLC v. Homegoods, Inc.,* , 2019 WL 10302271, at *2 (W.D. Tex. 2019), *citing Berkheimer v. HP Inc.,* 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("The burden of establishing invalidity of a patent or any claim

thereof shall rest on the party asserting such invalidity ... This burden exists at every stage of the litigation.").

On "a motion to dismiss under Rule 12(b)(6), [ ] all factual inferences drawn from the specification [of the patent] must be weighed in favor of [ ] the non-moving party." *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1261-62 (Fed. Cir. 2017). Section 101 defines patent-eligible subject matters as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. §101. All inventions in effect embody, use, or apply laws of nature, natural phenomena, or abstract ideas so an invention is not patent-ineligible merely because it involves one of these. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2354 (2014). However, if claims are not directed to an abstract idea, then no further analysis is necessary. Although there is no bright line rule, it is clear that "fundamental economic practices", "methods for organizing human activity" and "mathematical algorithms" are abstract ideas. See *RICPI Commc'ns*, 2019 WL 1244077, at *2–4.

The analysis of whether an invention is directed to an abstract idea under §101 consists of two steps. *Mayo Collaborative Serv. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289, 1296-1297 (2012). The first step "determine[s] whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 134 S.Ct. at 2355. If the claims are not directed to a patent-ineligible concept, the analysis ends because the claims are patentable under §101.

However, even if the Court finds the claims are directed to a patent ineligible concept, the Court must turn to the second step and examine the claim elements to determine whether they "contain[ ] an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 2357 (*citing Mayo*, 132 S.Ct. at 1294, 1298). Even if an

invention recites an abstract idea, the invention is patentable if it has "additional features to ensure that the claim is more than drafted to monopolize the abstract idea." *Id.* (*citing Mayo*, 132 S.Ct. at 1297). The limitations must be considered both individually and as an ordered combination. *Id.* at 2355.

Under current precedent, claims are also patent eligible if "the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *DDR Holdings, LLC v. Hotels.com,* 773 F.3d 1245, 1257 (Fed. Cir. 2014). Even if the claims use only generic computers, claims are patent-eligible if the claims do not preempt the abstract idea on generic computers performing conventional activities. *Bascom Global Internet Serv v. AT&T Mobility LLC.*, 827 F.3d 1341, 1350-51; *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016). *Cf. Trading Tech. Int'l, Inc. v IBG LLC*, 921 F.3d 1378, 1385 (Fed. Cir. 2019). So long as the novelty is not simply using a computer, "processes that automate tasks that humans are capable of performing are patent eligible if properly claimed." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016).

Although determination of patent eligibility under §101 is a question of law, there can be subsidiary fact questions that must be resolved in route to the ultimate legal determination. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). Whether claim elements or claimed combination are well-understood, routine, or conventional is a question of fact and prevents ruling at the motion to dismiss phase. *Id.; see also Berkheimer*, 881 F.3d at 1368 (Fed. Cir. 2018); *Route Guidance Sys. LLC v. INRIX, Inc.*, No. CV 20-221 (MN), 2021 WL 24705 (D. Del. 2021) (denying motion to dismiss under *Alice* Step 2, where plausible factual allegations in Plaintiffs complaint prevented court from determining

whether short-burst communication was an unconventional way of delivering route guidance data). Moreover, claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc v. LG Electronics USA, Inc*., 957 F.3d 1303, 1309 (Fed. Cir. 2020).

## VI.    ARGUMENT

Defendant's arguments raise genuine issues of material fact that are not appropriately decided at the stage of Rule 12(b)(6), Fed.R.Civ.P. *See Berkheimer*, 881 F.3d at 1368; *Aatrix Software* 882 F.3d at 1128; *Route Guidance Sys.*, 2021 WL 24705 at *6-7.

Defendant's two main arguments in support of its Motion to Dismiss are: (A); the claims of the Asserted Patents are patent ineligible, since they (i) are "directed to abstract ideas"; (ii) add nothing inventive or any specific improvement; and (iii) the dependent claims likewise add nothing inventive; and that (B) eligibility under §101 is ripe for determination.

Defendant's arguments are without merit. When all factual inferences are weighed in Symbology's favor, Defendant, cannot overcome the presumption that the claims of Asserted Patents are eligible under §101. Moreover, claim construction is necessary and there are questions of fact that cannot be resolved in Defendant's favor at this stage in the litigation. Therefore, Defendant's Motion must be dismissed.

### A.    Defendant's motion should be denied because there are claim construction issues that preclude a determination of patent eligibility at this stage

Under Federal Circuit precedent, Motions to Dismiss at the Rule 12 stage are not ripe for determination when there is a claim construction issue that needs to be addressed. *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1380 (Fed. Cir. 2019). Defendant asserts that the limitations found in Claim 1 of the Parent were omitted in the prosecution of the Asserted Patents and argue that "[u]nlike Claim 1 of the '773 Patent, the independent claims of the Patents-in-Suit do not

include the limitation that requires a "background" system that "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing" (D.I. 31 at 63).

To the contrary, the "background" system limitation was not rescinded in the prosecution of the Asserted Patents and is therefore applicable to the Asserted claims. As a result, claim construction is necessary and a ruling in Defendant's favor at this stage is improper. The "visual detection application" language in the Asserted Patents is limited by, and should be construed in light of, the prosecution disclaimer for Claim 1 of the '773 Parent patent. In other words, the disclaimer of scope during the prosecution of the '773 Patent is applicable here, and is applicable to the term "visual detection application" that is present in the Parent and both Patents-in-suit. Further, this has been Plaintiff's assertion from the initiation of this lawsuit. Specifically, in the claim chart provided in Exhibit B to the original Complaint, Plaintiff shows that there is a background" system that automatically "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing" (D.I. 1 at Exhibit B, pages 7-9). Similarly, the claim charts provided in Exhibits C and D to the First Amended Complaint, Plaintiff again presented examples where there is a background" system that "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing" (D.I. 22 at Ex. C, page 52-57 and Ex. D, page 64-68). Clearly, Plaintiff, at all relevant times hereto, has proceeded on the basis that the claims of the Asserted Patents include the limitation from the '773 patent that requires a "background" system that "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing."

Under Federal Circuit precedent, the prosecution history of a Parent can inform the claim construction analysis of descendants so long as the claim language is the same." *ResQNet.com, Inc. v. Lansa, Inc.,* 346 F.3d 1374, 1383 (Fed. Cir. 2003). However, if a continuation application includes language incorporating one or more parent applications by reference (which is the case here with both the '752 and '369 Patents), "[t]he incorporated patents are 'effectively part of the host [patents] as if [they] were explicitly contained therein' [and, as] a result, the disclaimers of the incorporated patents are part of the asserted patents*." X2Y Attenuators, LLC v. International Trade Comm'n,* 757 F.3d 1358, 1362-63 (Fed. Cir. 2014) (quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1329 (Fed. Cir. 2001) (some internal citations omitted); *see also Cordis Corp. v. Boston Scientific Corp.,* 658 F.3d 1347, 1356 n.5 (Fed. Cir. 2011) ("[A] disclaimer in the parent application carries forward into the construction of the same claim term in the child.")

Moreover, "The doctrine of prosecution disclaimer … preclud[es] patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." See *Omega Eng'g, Inc, v. Raytek Corp.,* 334 F.3d 1314, 1323 (Fed. Cir. 2003) (see also *Aylus Networks, Inc. v. Apple Inc.,* 856 F.3d 1353, 1360 (Fed. Cir. 2017) ("Ultimately, the doctrine of prosecution disclaimer ensures that claims are not construed one way in order to obtain their allowance and in a different way against accused infringers." (internal quotation marks and citation omitted)). Prosecution disclaimer occurs "when a patentee, either through argument or amendment, surrenders claim scope during the course of prosecution." *Heuft Systemtechnik GmbH v. Indus. Dynamics Co., Ltd.,* 282 Fed.Appx. 836, 839 (Fed. Cir. 2008). Prosecution history disclaimer in a parent application may bind continuation or continuation-in-part applications if they involve the same claim limitation. *Omega Eng'g, Inc. v. Raytek Corp.,* 334

F.3d 1314, 1333 (Fed. Cir. 2003) ("As long as the same claim limitation is at issue, prosecution disclaimer made on the same limitation in an ancestor application will attach."). But "[w]hen the purported disclaimers are directed to specific claim terms that have been omitted or materially altered in subsequent applications (rather than to the invention itself), those disclaimers do not apply." *Saunders Grp., Inc. v. Comfortrac, Inc.*, 492 F.3d 1326, 1333 (Fed. Cir. 2007). Additionally, "the prosecution of one claim term in a parent application will generally not limit different claim language in a continuation application." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1078 (Fed. Cir. 2005). "In general, a prosecution disclaimer will only apply to a subsequent patent if that patent contains the same claim limitation as its predecessor." *Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929, 943 (Fed Cir. 2013).

The Parties agree that '773 Patent specifically disclaims some of the scope of the "visual detection applications" language (D.I. 31). Further, that term is also present in the Asserted Patents and there is nothing rescinding the '773 disclaimer in the prosecution history for the Asserted Patents. Therefore, the Asserted claims are bound by the '773 disclaimer. In other words, Plaintiff does construe and consistently has construed the term "visual detection application" as being limited by the '773 disclaimer. Specifically, the term "visual detection assembly" includes the "background" system that "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing" as Defendant identified in its Answer and Counterclaims. (D.I. 31 at paragraph 54-61).

Moreover, because the Asserted patents are directed to same or similar systems as the Parent, omitting the limitation from the scope, would result in an outcome that the Federal Circuit expressly prohibits – namely that a claim has one scope for purposes of obtaining an

allowance and then a different scope for infringement. See *Omega Eng'g*, 334 F.3d at 1323; *Aylus Networks*, 856 F.3d at 1360.

**B.      The Asserted Patent claims are patent eligible under 35 USC §101**

As established above, when the term "visual detection application" language is properly construed to include the limitation of a "background" system that "decod[es] the symbology to obtain a decode string" and "send[s]the decode string to one or more visual detection applications for processing", the Asserted Patents are eligible under 35 U.S.C. §101.

**1.      *Alice* Step One: The claims do not recite an abstract idea**

The claims of the '752 and '369 are patent eligible under the first step of the §101 analysis because, contra Defendant, they do not merely recite "the abstract idea of data recognition and retrieval." (D.I. 30 at pg. 1). Defendant describes the alleged abstract idea in a way that is untethered to the claim language and approaches the Patents' claims at too high a level of generality, which the Federal Circuit explicitly warns against. *See Enfish*, 822 F.3d at 1337 ("[D]escribing the claims at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to [section] 101 swallow the rule."). For example, as discussed below, Defendant all but ignores the nature of the claimed invention, instead cursorily dismissing it as generic computer component.

Claim 1 of the '752 does not recite an abstract idea. Rather, it is directed to an improved method for detecting symbology associated with an object within a digital image (or detecting symbology associated with a digital image as claimed in Claim 1 of the '369 patent). Defendant ignores or trivializes the prior art problems solved by the '752 Patent. *See Enfish*, 822 F.3d at 1337 (citing *Alice*, 134 S.Ct. at 2354); *see also McRO*, 837 F.3d at 1313.

In addition, Claim 1 of the '752 Patent is not akin to any of the categories of abstract

ideas that are ineligible under §101. The Federal circuit has identified "fundamental economic practices", "methods for organizing human activity" and "mathematical algorithms" as clear examples of abstract ideas. *See RICPI Commc'ns LLC,* 2019 WL 1244077, at *2–4. Similar to *RICPI*, here the claims are not "directed to a mathematical algorithm" and they are not "directed to a method of organizing human activity or a fundamental economic practice." *Id. (*finding claims directed to two-way radio communications utilizing either a computer network or the Internet where the prior art used telephone lines were not directed to an abstract idea.) Comparing the *RICPI* holding to the facts here yields a similar result. Specifically, the Asserted Patent claims are directed to methods for detecting symbology utilizing a single application where the prior art utilized multiple applications, further illustrating that the claims do not fall into one of the identified categories, nor are they abstract.

Furthermore, the claims should be read as a whole, in light of the specification. The Federal Circuit has directed courts to "look to whether the claims focus on a specific means or method, or are instead *directed to a result or effect* that itself is the abstract idea and merely invokes generic processes and machinery." *Two-Way Media Ltd. v. Comcast Cable Commc'ns LLC,* 874 F.3d 1329, 1337 (Fed. Cir. 2017) (emphasis added). The elements of Claim 1 remove the claims from the realm of abstract ideas. The '752 patent's explanation of how the claimed invention is an improvement on prior systems and focus on the specific elements providing benefits over prior art satisfies the first prong of *Alice*. *See Enfish*, 822 F.3d at 1335 (finding the "focus of the claimed advances over the prior art" can inform the "directed to" inquiry in *Alice* step 1). Namely, the prior art indicated the need for multiple applications in order to detect symbology associated with an object within a digital image while the Asserted Patents indicate the contrary, namely, the use of a single application.

Defendant's reliance on *Content Extraction*, *Secured Mail* and *Recognicorp* is misplaced as it relates to the relevant analysis. In *Content Extraction*, the claims at issue related to data collection and storage in the context of ATM's scanning bank checks. *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n,*, 776 F.3d 1343 (Fed. Cir. 2014). Unlike the *Content Extraction* patents, the Asserted Patents here are not directed to an activity that could be performed by a human mind or by a human using pen and paper. *Id.* at 1347; *see also CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011).

In *Secured Mail*, the Federal Circuit addressed claims for methods for using a unique identifier on the outside of mail items for the purpose of communicating information about the object being mailed. *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905 (Fed. Cir. 2017). Again, the Asserted Patents here do not contemplate the type of activity that the Federal Circuit has warned against.

Moreover, *Recognicorp* is also distinguishable. Here, the Asserted Patents here are directed to a specific implementation of a solution to a problem in the software arts, such as an improvement in the functioning of a computer, while the Patents in *Recongnicorp*, recited claims that relied on basic mathematical formulas in order to reproduce images. *Recognicorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322 (Fed. Cir. 2017).

To combat the specific computer centric problem in the prior art, the '752 Patent claimed the technical solution of Claim 1, namely, a method for detecting symbology associated with an object within a digital image that improved upon prior systems in that it provided more efficient processing, reduced processing burden, reduced battery consumption, and further eliminated the need for additional applications to be open and active in order to accomplish the same result.

### 2. *Alice* Step Two: The claims contain an inventive concept and do not instruct a computer to perform human-centric functions

Even if the Court finds that Defendant has satisfied the first prong of *Alice*, the Asserted Patent claims are patent eligible under the second step of the §101 analysis because the claim elements provide an inventive concept that "entail[s] an unconventional technological solution … to a technological problem." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1300 (Fed. Cir. 2016).

Defendant over-simplifies the claimed process and ignores the claim language. *See Enfish*, 822 F.3d at 1337. Whether a claim element or combination of elements is well understood, routine, or conventional is a question of fact, which Defendant has the burden of proving by clear and convincing evidence. *Berkheimer*, 881 F.3d at 1368. Further, the '343 Patent's claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks. *DDR Holdings,* 773 F.3d at 1257.

The claims of the Asserted Patents contain limitations "directed to the arguably unconventional inventive concept described in the specification"; therefore, the specification supports improved functionality. *Berkheimer*, 881 F.3d at 1370. The limitations, individually and as an ordered combination, significantly narrow the claim scope from the alleged abstract idea and are patent-eligible. *Bascom*, 827 F.3d at 1350-1352, *McRO*, 837 F.3d at 1315.

Throughout its Motion, Defendant attacks the claims and specification of the Asserted Patents and the Complaint by inappropriately alleging that the invention is only claimed and described in general terms. The Federal Circuit has rejected this irrelevant attack by holding that "whether a patent specification teaches an ordinarily skilled artisan how to implement the claimed invention presents an enablement issue under 35 U.S.C. §112, not an eligibility issue

under §101." *Visual Memory*, 867 F.3d at 1261. When reviewing a Rule 12(b)(6) motion, it is improper to assume that the disclosures in the specification do not teach an ordinary skilled artisan how to implement the invention. *Id.* The "implementation details [of the invention] may well fall within the routine knowledge of one of ordinary skill in the art, and a patent need not teach, and preferably omits, what is well known in the art." *Id.* (internal quotes removed); *see also Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018). The Federal Circuit has further specifically rejected arguments that claims "do not sufficiently describe how to implement the idea." *Id.*; *Uniloc*, 772 Fed. Appx. at 899. The technical detail in the asserted claims is on par with the level of detail in claims held by the Federal Circuit to be patent eligible. *E.g.*, *Finjan*, 879 F.3d at 1303; *Visual Memory*, 867 F.3d at 1257; *McRO*, 837 F.3d at 1307-8; *Ancora Techs.* v. *HTC Am., Inc.*, 908 F.3d 1343, 1345-46 (Fed. Cir. 2018).

The specific elements of Claim 1 of the '752 (and claim 1 of the '369) Patent were an unconventional arrangement of elements, because the prior art methodologies required multiple applications that would drain the battery of a mobile device; collect and/or track data without a user's knowledge; or otherwise increase the processing burden on the device. As a combination, the mobile device and background application of the visual detection module of Claim 1 of the '752 Patent was able to unconventionally provide a device that automatically detected symbology without the need for a user to use multiple applications or separate devices. By adding these specific elements of Claim 1 of the '752 Patent, an improved method was able to unconventionally provide the ability to detect symbology associated with an object within the digital image, using automatic and background processing. *See Cellspin*, 927 F.3d 1306 (Fed. Cir. 2019).

Similarly, the specific elements of Claim 1 of the '752 Patent were an unconventional arrangement of elements, because the prior art systems required multiple applications that might drain the battery of a mobile device; collect and/or track data; or otherwise increase the processing burden on the device. As a combination, the system of Claim 1 of the '752 Patent was able to unconventionally provide a visual detection application that could more quickly and efficiently detect symbology associated with object within a digital image, while simultaneous reducing battery consumption or the need for additional applications. *See Cellspin*, 927 F.3d 1306 (Fed. Cir. 2019).

Defendant's reliance on *Content Extraction* and *Recongicorp* under Step 2 of *Alice* is also improper. (D.I. 30 at pg. 15-16). Unlike *Content Extraction,* Claim 1 of the '752 patent does not rely of the mere use of known tools in a particular environment. Moreover, unlike the patents at issue in *Recognicorp* the Asserted Patents here claim a solution that amounts to an inventive concept for resolving a particular internet-centric problem. *Recognicorp,* 855 F.3d at 1328*; DDR Holding,* 773 F.3d at 1259. The Asserted Patents at issue here are not in the same realm as those that "tell a user to take and abstract idea and apply it with a computer". *Id.* Moreover, this is not the type of claim that Alice and its progeny have warned against given the lack of preemption concerns. *Ficep Corp. v. Peddinghaus Corp.*, 2021 WL 254104, at *2 (D. Del. 2021), *report and recommendation adopted*, No. 19-CV-1994-RGA, 2021 WL 979564 (D. Del. 2021).

The claims of the Asserted Patents address computer- or internet-centric issues, as discussed herein. Accordingly, under part two of the §101 analysis, the claims of the Asserted Patents represent technological improvements over the prior art, which is sufficient in and of itself for eligibility. *See DDR Holdings, LLC*, 773 F.3d at 1257; *see also Bascom Global Internet Serv.*, 827 F.3d at 1350-51; *Enfish,* 822 F.3d at 1338; *Cf. Trading Tech.* 921 F.3d at 1385.

### C. The dependent claims add inventive concepts

Defendant's attack on the dependent claims of the Asserted Patents fails to recognize that the added limitations further demonstrate the claims' are not invalid under §101. The dependent claims are patent-eligible because they further narrow the improved methods, systems, servers, and/or computer products for detecting symbology within a digital image.

### D. Ineligibility under Section 101 is not ripe for determination

As stated above, there is a need for claim construction. Defendant's ripeness argument merely restates its argument that the claims of the Asserted Patents are nothing more than the application well-known technology. Further, Defendant characterizes the claims in a way that is untethered to the claim language and approaches the Patent-in-Suit's claims at too high a level of generality. *See Enfish,* 822 F.3d at 1337.

Contrary to Defendant's assertion, the claims are not ripe for determination under Section 101. At most, Defendant's arguments raise genuine issues of material fact that are not appropriately decided at the stage of Rule 12(b)(6), Fed.R.Civ.P. *See Aatrix Software* 882 F.3d at 1128; *Berkheimer*, 881 F.3d at 1368 ("whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact. Any fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence."); *See also eCeipt LLC* 2019 WL 10302271, at *7 ("Furthermore, this "question cannot be answered adversely to the patentee based on [ ] sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice."") (*citing Aatrix*, 882 F.3d at 1128) (and further holding that, in that case, "at the motion to dismiss stage, Defendant has not provided evidence in its Alice step two argument that the claimed way the [ ] system operates is routine or

conventional.").

## CONCLUSION

For the foregoing reasons, Plaintiff Symbology IP LLC respectfully requests that this Court deny Defendant's Renewed Motion to Dismiss.

Dated: August 10, 2021                    Respectfully submitted,

JAY JOHNSON                                SAND, SEBOLT & WERNOW CO., LPA
State Bar No. 24067322
KIZZIA JOHNSON, PLLC                       */s/ Andrew S. Curfman*
1910 Pacific Ave., Suite 13000             Andrew S. Curfman (*Pro hac vice*)
Dallas, Texas 75201                        Aegis Tower - Suite 1100
(214) 451-0164                             4940 Munson Street, N. W.
Fax: (214) 451-0165                        Canton, Ohio 44718
jay@kjpllc.com                             Phone: 330-244-1174
                                           Fax: 330-244-1173
                                           Andrew.Curfman@sswip.com

                                           ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy has been electronically filed using the CM/ECF filing system, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system on August 10, 2021.

                                           */s/ Andrew S. Curfman*
                                           Andrew S. Curfman